```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

MARCUS HUGHES #R-06303,        )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  13 C 7989
                               )
TOM DART, COOK COUNTY SHERIFF, )
                               )
          Defendant.           )

## MEMORANDUM ORDER

Marcus Hughes ("Hughes") has utilized the printed form of 42 U.S.C. §1983 ("Section 1983") Complaint made available for use by persons in custody to sue Cook County Sheriff Tom Dart for the asserted violation of Hughes' constitutional rights over a two-day period from December 17 to December 19, 2012. This memorandum order will speak to Hughes' substantive claim only briefly.

First, however, Hughes has not complied with the requirements of 28 U.S.C. §1915 ("Section 1915") that are imposed on every prisoner plaintiff who accompanies his or her Complaint with an In Forma Pauperis Application ("Application"). Although Hughes' Complaint was not received in the Clerk's Office until November 6, 2013, both the Application and the certificate of the fiscal officer at East Moline Correctional Center ("East Moline," where Hughes is now in custody) were dated October 10, nearly a month earlier. Moreover, the trust fund account that accompanied the Application covered only a bit more than three months (from

July 1, 2013, when Hughes is shown to have been transferred from Stateville Correctional Center to East Moline, through October 7).

Because Hughes is entitled to the benefit of the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988)), the end date of the six-month period specified in Section 1915(a)(2) is unknown to this Court (and is certainly not covered by the East Moline trust fund printout). Moreover, any Section 1915 calculation that is based on the six-month period ending with the date on which the Complaint was "filed" (as defined by the "mailbox rule") calls for an analysis of the trust fund reports from all custodial institutions where the prisoner was housed during that relevant six-month period. Accordingly Hughes is ordered to supplement, on or before December 2, 2013, the incomplete information that he has provided to date,[1] to enable this Court to make the relevant Section 1915 calculations.

As for the merits, Hughes' grievance echoes the same allegations that have been advanced by a substantial number of pro se plaintiffs who were subjected for short periods of time to what appear to have been deplorable conditions in Division 3 of the Cook County Department of Corrections during a time frame

---

[1] That added information must also include the date on which Hughes either mailed his Complaint to this District Court or delivered it to the authorities at East Moline to mail it for him.

that includes the December 17 to December 19, 2012 period referred to in Hughes' Complaint. Because of the proliferation of those complaints, our District Court has under study the appropriate procedural treatment of those essentially identical claims.

Accordingly this Court will take no action on Hughes' claim for the time being, but will monitor closely the progress of the above-described efforts to integrate the handling of this and other like actions. Until then this Court will await Hughes' submission of the additional trust fund and mailing information called for earlier in this memorandum order.[2]

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: November 14, 2013

---

[2] One last item: Hughes has also tendered a Motion for Attorney Representation ("Motion"), again using the printed form provided by the Clerk's Office for such purposes. But in doing so he has failed to respond to the form's requirement that the movant identify what efforts he or she has made to retain counsel, a showing required by our Court of Appeals before any such motion can be granted. Accordingly the Motion is denied without prejudice to its possible renewal if Hughes were to provide the required showing.