IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARCUS HUGHES**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13 C 7989 |
| **TOM DART**, Cook County Sheriff, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

This Court's November 14, 2013 memorandum order ("Order") dealt at the threshold with the 42 U.S.C. § 1983 ("Section 1983") Complaint brought by pro se prisoner plaintiff Marcus Hughes ("Hughes") -- one of many actions brought by "pro se plaintiffs who were subjected for short periods of time to what appeared to have been deplorable conditions in Division 3 of the Cook County Department of Corrections during a timeframe that includes the December 17 to December 19, 2012 period referred to in Hughes' Complaint" (Order at 2-3). Since that time our District Court, under the leadership of this Court's colleague Honorable Robert Gettleman, has been working toward the possible filing of a class action that would advance the numerous plaintiffs' claims (including that made by Hughes) as a group. Accordingly this Court will continue its posture of taking no action on Hughes' claim (see the last paragraph of the Order) -- a deferral that is made even more appropriate in light of Hughes' inability to comply with the principal directive contained in the Order.

In that respect, this Court's review of the case docket has revealed that Hughes had tendered, back in early December, his responsive submission on that subject (the missing trust fund account information that this court needs to make the calculations under 28 U.S.C. § 1915

("Section 1915"), which provides a special kind of in forma pauperis treatment in prisoner litigation).[1] That December 5 submission was a letter from Hughes to the Clerk's Office explaining that he could not comply with this Court's directive (and, of course, with the Section 1915 requirement) because "Stateville Correctional Center has refused to provide me with any information concerning my trust fund account."

This is not the first time that this Court has been apprised by a prisoner litigant of such arrogant conduct (more accurately, misconduct) on the part of fiscal employees at Illinois prisons. When this Court learned of Hughes' response, it promptly communicated with a member of the top echelon at the Illinois Attorney General's Office, who has promised to deal with such irresponsible conduct. In the meantime this Court cannot of course carry out its own statutory responsibility under Section 1915, but Hughes will suffer no prejudice on that account.

                                                             Milton I. Shadur
                                                             Senior United States District Judge

Date: February 13, 2014

---

[1] Because of a flaw in the administrative procedures in the Clerk's Office (which this Court has now caused to be corrected), that office had not been providing this Court with chambers copies of filings by pro se prisoners who submitted only an original of such filings. As a result, this Court was totally unaware of Hughes' filing until its own inquiry brought it to light.

- 2 -